UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTE P. DAUER; and MARCI D. DAUER, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL CITY BANK; and PNC BANK, National Association, <br><br> Defendants. | Case No.: 12-CV-03330-LHK <br><br> ORDER GRANTING DEFENDANT PNC'S MOTION TO DISMISS AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS |

On June 28, 2012, Plaintiffs Monte P. Dauer and Marci D. Dauer ("Plaintiffs") filed their Complaint (*see* ECF No. 1), and motion for leave to proceed in forma pauperis ("IFP application") (see ECF No. 2). On August 8, 2012, Defendant PNC Bank, National Association ("PNC") filed a motion to dismiss the Plaintiffs' Complaint ("MTD"). *See* ECF No. 5. Pursuant to Civil Local Rule 7-3(a), the Plaintiffs' opposition to the motion to dismiss was due on August 22, 2012. Plaintiffs failed to file an opposition on August 22, 2012. Accordingly, on October 15, 2012, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute ("OSC"). *See* ECF No. 8. After Plaintiff Monte P. Dauer filed a written response to the OSC, and appeared at the OSC hearing on November 8, 2012, the Court declined to dismiss the case for failure to prosecute and allowed Plaintiffs to file a late opposition to PNC's MTD by November 19, 2012. *See* ECF No. 12. On November 13, 2012, Plaintiffs filed an amended motion to proceed in

1
Case No.: 12-CV-03330-LHK
ORDER GRANTING DEFENDANT PNC'S MOTION TO DISMISS AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

forma pauperis ("amended IFP application").[1]  *See* ECF No. 13.  On November 19, 2012, Plaintiffs filed their opposition to PNC's MTD.  *See* ECF No. 14.  On November 29, 2012, PNC filed its reply.  *See* ECF No. 15.  For the reasons discussed below, the Court GRANTS Defendant PNC's MTD without prejudice, and DENIES Plaintiffs' amended IFP application without prejudice.  Accordingly, the Court VACATES the motion hearing and case management conference set for January 10, 2013.

**I.  LEGAL STANDARDS**

   **A.  Motion to Dismiss**

      **1.  Federal Rule of Civil Procedure 8**

Rule 8 states that a civil complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

      **2.  12(b)(6) Motion to Dismiss for Failure to State a Claim**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In addition, pro se pleadings are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

---

[1] Plaintiffs' original IFP application mistakenly listed Plaintiffs' annual income as Plaintiffs' monthly income, thereby overstating Plaintiffs' income by a multiple of twelve.  *See* ECF No. 2.  Plaintiffs' amended IFP application corrects this error.  *See* ECF No. 13.

2
Case No.:  12-CV-03330-LHK
ORDER GRANTING DEFENDANT PNC'S MOTION TO DISMISS AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

2008) (citation omitted).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### 3. Leave to Amend

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (repeated failure to cure deficiencies by previous amendment sufficient to deny leave to amend).  The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant."  *Lopez v. Smith*, 203 F.3d at 1131 ((quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B. IFP Application

Pursuant to 28 U.S.C. § 1915(e), where a plaintiff seeks to proceed in forma pauperis, the Court must dismiss the complaint if it determines that the complaint is frivolous or malicious, or that the plaintiff has failed to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  The Court may deny leave to proceed in forma pauperis if it determines "from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

## II. DISCUSSION

### A. Motion to Dismiss

Plaintiffs' Complaint brings one cause of action for declaratory relief voiding the deed of trust to Plaintiffs' home held by PNC, the successor in interest to Plaintiffs' mortgage lender National City Bank. *See* Compl. ¶¶ 9-15 (cause of action for declaratory judgment); Compl., Ex. A (deed of trust).

As a preliminary matter, the Court notes that Plaintiffs mistakenly filed the Complaint without page 6, which contains the bulk of Plaintiffs' cause of action for declaratory judgment. *See* ECF No. 1 at 6. However, Plaintiffs included their Complaint, including the missing page, in Plaintiffs' opposition to PNC's MTD. *See* Op. at 7-8. In the interest of judicial efficiency, and in light of Plaintiffs' pro se status, the Court considers the contents of the omitted page in analyzing the sufficiency of Plaintiffs' Complaint.

Plaintiffs' Complaint makes few factual allegations in support of voiding the deed of trust. Instead, Plaintiffs rely largely on conclusory allegations, for example, that Plaintiffs were lured into signing the deed of trust "through swindle and lack of disclosure." Compl. at 2 (General Statement of the Facts). Indeed, pursuant to Federal Rule of Civil Procedure 9(b), Plaintiffs' allegations of fraud require that Plaintiffs "state with particularity the circumstances constituting fraud," by alleging the specific misleading statements or omissions, as well as where, when, and by whom the alleged statements or omissions were made.

The Complaint also alleges two more specific grounds for voiding the deed of trust. However, both these grounds are based upon misunderstanding of the law. First, the Complaint alleges that National City Bank sold Plaintiffs' loan to an unspecified third party. Compl. at 2, ll. 23-25. The Complaint alleges that this resale nullifies Plaintiffs' obligation to repay the loan because National City Bank is not "out any money." *Id.* This theory lacks legal support. In contrast to Plaintiffs' claim, sale of a home loan in the secondary mortgage market does not eliminate the mortgagee's obligation to repay the loan. *See Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 650 (2008) (discussing the operation and social benefits of the secondary mortgage market).

4

Case No.: 12-CV-03330-LHK
ORDER GRANTING DEFENDANT PNC'S MOTION TO DISMISS AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

Second, the Complaint makes the specific allegation that National City Bank was both the trustee and the lender listed on the Deed of Trust. *See* Compl., Ex. A (deed of trust). Plaintiffs allege that the trustee and the lender may not be the same entity, and that therefore the Court should declare the deed of trust void. *See* Compl. ¶ 13. However, Plaintiffs cite no support for this proposition. In fact, although trustee and lender are different roles, both roles may be fulfilled by the same entity, and often are. *See, e.g.*, *Denby v. Mortgage Electronics Registration Systems, Inc.*, No. 11-CV-07939, 2012 WL 1865735 at *1 (C.D. Cal., May 22, 2012) (First Horizon Home Loan Corp. was lender and trustee); *Gilmore v. American Mortg. Network*, No. 12-CV-7935, 2012 WL 6193843 at *1 (C.D. Cal., Dec. 10, 2012) (National City Mortgage was lender and trustee); *DeMucha v. Wells Fargo Home Mortg. Inc.*, No. F059476, 2011 WL 2612835 at *3 (Cal. Ct. App., July 05, 2011) (CTX Mortgage Company was lender and trustee); *Das v. JPMorgan Chase Bank, N.A.*, No. 12–CV-00486, 2012 WL 1658718 at *1 (D. Ariz., May 11, 2012) (JPMorgan Chase Bank, N.A. was lender and trustee). Accordingly, Plaintiffs have not adequately alleged any basis for granting declaratory judgment voiding the deed of trust.

The case caption of Plaintiffs' Complaint "also reserves the right to sue for monetary damages," including for violations of the Fair Debt Collection Practices Act, RICO, wire fraud, and Massachusetts law. *See* Compl. at 1. The text of Plaintiffs' Complaint makes no mention of these "reserved" claims, and Plaintiffs allege no facts that support any of these "reserved" claims. Accordingly, Plaintiffs have failed to allege any grounds upon which relief can be granted. Therefore, the Court GRANTS PNC's MTD pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B. Leave to Amend**

Having granted PNC's MTD, the Court should grant leave to amend unless the pleading could not possibly be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d at 1130. As discussed above, Plaintiffs seek to void their deed of trust based upon two flawed legal theories: (1) that the sale of a home loan in the secondary mortgage market negates the borrower's obligation to repay; and (2) that the same entity cannot serve as both the lender and the trustee on a deed of trust. Plaintiffs' legal theories are defective as a matter of law and cannot be cured by

5
Case No.: 12-CV-03330-LHK
ORDER GRANTING DEFENDANT PNC'S MOTION TO DISMISS AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS

allegation of other facts. Accordingly, the Court DENIES Plaintiffs leave to amend the complaint with these two legal theories.

However, it would not necessarily be futile for Plaintiffs to amend their cause of action for declaratory judgment voiding the deed of trust. The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Lopez v. Smith*, 203 F.3d at 1131 ((quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Accordingly, the Court GRANTS Plaintiffs leave to amend their cause of action for declaratory judgment voiding the deed of trust.

**C. IFP Application**

For the reasons discussed above, the Court finds that Plaintiffs' Complaint lacks merit, and GRANTS PNC's MTD. Accordingly, the Court DENIES Plaintiff's amended IFP application. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (holding that a court may deny an IFP application where an action lacks merit). However, the Court has found that it would not necessarily be futile for Plaintiffs to amend the Complaint. Accordingly, the Court DENIES Plaintiffs' amended IFP application without prejudice, and GRANTS Plaintiffs leave to file a second amended IFP application if Plaintiffs choose to file an amended complaint.

**III. CONCLUSION**

For the foregoing reasons, the Court:

(1) GRANTS Defendant PNC's motion to dismiss without prejudice;

(2) GRANTS Plaintiffs leave to amend their cause of action for declaratory judgment voiding the deed of trust;

(3) DENIES Plaintiffs' amended IFP application without prejudice; and

(4) VACATES the motion hearing and case management conference set for January 10, 2013.

Accordingly, Plaintiffs may file an amended complaint within 21 days of the date of this Order. Plaintiffs may not add any new claims or parties in any amended complaint without first obtaining leave from the Court or a stipulation from Defendants. Failure to file an amended

6

complaint and to cure the deficiencies in the Complaint within 21 days of the date of this Order will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: January 4, 2013

_____
LUCY H. KOH
United States District Judge